IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.   Case No. 18-4069

EDNA L. GARCIA and JOSE E. GARCIA,

    Defendants.

## COMPLAINT

Plaintiff, United States of America, on behalf of its agency the Small Business Administration, by Stephen R. McAllister, United States Attorney for the District of Kansas, and Luke P. Sinclair, Assistant United States Attorney, for its cause of action alleges:

1. This is a civil action for foreclosure of a mortgage brought by the United States of America under the provisions of 28 U.S.C. § 1345.

2. Service may be made upon Defendants in the following manner:

   a. Defendant Edna L. Garcia may be served by delivering a copy of the Summons and Complaint to her at 208 West Hoover Street, Liberal, Kansas 67901, within the jurisdiction of this Court.

   b. Defendant Jose E. Garcia may be served by delivering a copy of the Summons and Complaint to him at 2130 Rand Morgan Road, Trailer 51, Corpus Christi, Texas 78410, within the jurisdiction of this Court.

3. Defendants Edna L. Garcia and Jose E. Garcia executed and delivered to Plaintiff, acting through the Small Business Administration ("SBA"), a promissory note on September 18, 2003, in which they promised to pay Plaintiff the principal amount of $44,800.00, together with

interest thereon at the rate of 2.812 percent (2.812%) per annum on the unpaid balance. As consideration for this note, Plaintiff made an SBA loan to Defendants Edna L. Garcia and Jose E. Garcia. A true and correct copy of the promissory note is attached as Exhibit A.

4. To secure the payment of the indebtedness, Defendants Edna L. Garcia and Jose E. Garcia did execute and deliver a real estate mortgage, dated October 8, 2003, and acknowledged on October 10, 2003, upon certain real estate located in Seward County, Kansas, within the jurisdiction of this Court, described as follows:

> Surface and Surface Rights only in and to The North One Hundred Thirty Feet (N130') of Lot Four (4), Block Twelve (12), SOUTHLAWN GARDENS ADDITION (Plat No 2) to the City of Liberal, Seward County, Kansas.

The real estate mortgage was filed for record on October 20, 2003, in the office of the Register of Deeds of Seward County, Kansas, at Volume 558, Page 1084. A copy of the real estate mortgage is attached as Exhibit B.

5. Plaintiff is the owner and holder of the liability and security documents as set out above, attached as Exhibits A and B.

6. Defendants Edna L. Garcia and Jose E. Garcia failed to pay Plaintiff installments of principal and interest when due in violation of the provisions of the liability and security documents set out above. Plaintiff has elected to exercise its option to declare the entire unpaid principal balance plus interest to be immediately due and payable and has made demand for these amounts. No payment has been received.

7. The amount due on the promissory note and mortgage, as of July 5, 2018, is principal in the amount of $29,425.75; plus $1,400.14 in interest accrued to July 5, 2018, plus interest accruing thereafter at the daily rate of $2.27 per day to the date of judgment; plus administrative costs pursuant to the promissory note and mortgage; plus filing fees in the amount of $400.00 allowed pursuant to

28 U.S.C. § 2412(a)(2); plus interest thereafter at the rate set forth in 28 U.S.C. § 1961; plus court costs and the costs of this action presently and in the future incurred.

8. No other action has been brought for recovery of these sums and no payment has been received.

9. The indebtedness due Plaintiff by Defendants Edna L. Garcia and Jose E. Garcia is a first and prior lien on the property described above.

10. The interests of Defendants Edna L. Garcia and Jose E. Garcia are junior and inferior to the interests of Plaintiff United States of America.

11. Defendants Edna L. Garcia and Jose E. Garcia have waived all rights and equity of redemption.

Plaintiff demands *in rem* judgment, in the principal amount of $29,425.75; plus $1,400.14 in interest accrued to July 5, 2018, plus interest accruing thereafter at the daily rate of $2.27 per day to the date of judgment; plus administrative costs pursuant to the promissory note and mortgage; plus filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2); plus interest thereafter at the rate set forth in 28 U.S.C. § 1961; plus court costs and the costs of this action presently and in the future incurred.

Plaintiff also demands foreclosure of all Defendants' interests in the subject real estate.

Plaintiff further demands that its real estate mortgage be declared a first and prior lien on the real estate described herein, and that such advances as Plaintiff may be authorized and required to pay for insurance premiums, title fees, or other costs necessary to protect the security during the pendency of this proceeding be allowed as part of its first and prior lien on the real estate.

Plaintiff further demands that the United States of America be granted judgment foreclosing its mortgage on the subject real property and the interests of all Defendants.

Plaintiff further demands that the judgment granted the United States of America in the Order and Judgment is the final judgment of this Court.

Plaintiff further demands that all legal right, title and interest which Defendants have in the real estate be foreclosed, and the real estate be sold at public sale, in accordance with 28 U.S.C. §§ 2001-2003, and that the sale be subject to any unpaid real estate taxes, special assessments and easements of record.

Plaintiff further demands that it may bid up to the full amount due it at the time of the sale without paying funds into the Court, which bid shall satisfy the requirement for a cash sale, and that the sale proceeds be applied in the following order:

(1) Filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2) The costs of this action and the foreclosure sale;

(3) Plaintiff's *in rem* judgment against Defendants Edna L. Garcia and Jose E. Garcia; and,

(4) The interest accruing on Plaintiff's *in rem* judgment against Defendants Edna L. Garcia and Jose E. Garcia;

(5) Any remaining balance should be held by the Clerk of the District Court to await the Court's further order.

Plaintiff further demands that all right, title, and interest in and to the real estate of Defendants, and of all persons claiming by, through or under them be decreed to be junior and inferior to Plaintiff's Mortgage and be absolutely barred and foreclosed.

Plaintiff further demands that, if the grantee named in the United States Marshal's Deed, or the grantee's assigns, are denied possession of the real property, a Writ of Assistance issue out of this Court to the United States Marshal for the District of Kansas, upon application of the grantee or

assigns, ordering and directing the United States Marshal to place the grantee or assign, in full, complete, and peaceful possession of the real property.

Respectfully submitted,

STEPHEN R. MCALLISTER
United States Attorney
District of Kansas

s/ Luke P. Sinclair
LUKE P. SINCLAIR
Assistant United States Attorney
Ks. S.Ct. No. 23709
290 Federal Bldg.
444 SE Quincy Street
Topeka, Kansas 66683
PH: (785) 295-2850
FX: (785) 295-2853
Email: luke.sinclair@usdoj.gov
Attorneys for Plaintiff

### REQUEST FOR PLACE OF TRIAL

The United States of America hereby requests that trial of the above-entitled matter be held in the City of Topeka, Kansas.

s/ Luke P. Sinclair
LUKE P. SINCLAIR
Assistant United States Attorney

5



| U.S. Small Business Adminstration | Date: **September 18, 2003** |
|---|---|
| **NOTE** | Loan Amount: **$44,800.00** |
| (SECURED DISASTER LOANS) | Annual Interest Rate: **2.812%** |

Control #                     _ Loan # DLH

1. **PROMISE TO PAY:** In return for a loan, Borrower promises to pay to the order of SBA the amount of **Forty-Four Thousand Eight Hundred and no/100** Dollars, interest on the unpaid principal balance, and all other amounts required by this Note.

2. **DEFINITIONS:** A) "Collateral" means any property taken as security for payment of this Note or any guarantee of this Note. B) "Guarantor" means each person or entity that signs a guarantee of payment of this Note. C) "Loan Documents" means the documents related to this loan signed by Borrower, any Guarantor, or anyone who pledges collateral.

3. **PAYMENT TERMS:** Borrower must make all payments at the place SBA designates. Borrower may prepay this Note in part or in full at any time, without notice or penalty. Borrower must pay principal and interest payments of $**188.00** every **month** beginning **Five (5)** months from the date of the Note. SBA will apply each installment payment first to pay interest accrued to the day SBA receives the payment and will then apply any remaining balance to reduce principal. All remaining principal and accrued interest is due and payable **Thirty (30) Years** from the date of the Note.

4. **DEFAULT:** Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower: A) Fails to comply with any provision of this Note, the Loan Authorization and Agreement, or other Loan Documents; B) Defaults on any other SBA loan; C) Sells or otherwise transfers, or does not preserve or account to SBA's satisfaction for, any of the Collateral or its proceeds; D) Does not disclose, or anyone acting on their behalf does not disclose, any material fact to SBA; E) Makes, or anyone acting on their behalf makes, a materially false or misleading representation to SBA; F) Defaults on any loan or agreement with another creditor, if SBA believes the default may materially affect Borrower's ability to pay this Note; G) Fails to pay any taxes when due; H) Becomes the subject of a proceeding under any bankruptcy or insolvency law; I) Has a receiver or liquidator appointed for any part of their business or property; J) Makes an assignment for the benefit of creditors; K) Has any adverse change in financial condition or business operation that SBA believes may materially affect Borrower's ability to pay this Note; L) Dies; M) Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without SBA's prior written consent; or, N) Becomes the subject of a civil or criminal action that SBA believes may materially affect Borrower's ability to pay this Note.

5. **SBA'S RIGHTS IF THERE IS A DEFAULT:** Without notice or demand and without giving up any of its rights, SBA may: A) Require immediate payment of all amounts owing under this Note; B) Have recourse to collect all amounts owing from any Borrower or Guarantor; C) File suit and obtain judgment; D) Take possession of any Collateral; or, E) Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.

6. **SBA'S GENERAL POWERS:** Without notice and without Borrower's consent, SBA may: A) Bid on or buy the Collateral at its sale or the sale of another lienholder, at any price it chooses; B) Collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If SBA incurs such expenses, it may demand immediate reimbursement from Borrower or add the expenses to the principal balance; C) Release anyone obligated to pay this Note; D) Compromise, release, renew, extend or substitute any of the Collateral; and E) Take any action necessary to protect the Collateral or collect amounts owing on this Note.

7. **WHEN FEDERAL LAW APPLIES:** When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.

DUPLICATE

Exhibit A

 

8. **GENERAL PROVISIONS:** A) All individuals and entities signing this Note are jointly and severally liable. B) Borrower waives all suretyship defenses. C) Borrower must sign all documents required at any time to comply with the Loan Documents and to enable SBA to acquire, perfect, or maintain SBA's liens on Collateral. D) SBA may exercise any of its rights separately or together, as many times and in any order it chooses. SBA may delay or forgo enforcing any of its rights without giving up any of them. E) Borrower may not use an oral statement of SBA to contradict or alter the written terms of this Note. F) If any part of this Note is unenforceable, all other parts remain in effect. G) To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor. Borrower also waives any defenses based upon any claim that SBA did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale. H) SBA may sell or otherwise transfer this Note.

9. **MISUSE OF LOAN FUNDS:** Anyone who wrongfully misapplies any proceeds of the loan will be civilly liable to SBA for one and one-half times the proceeds disbursed, in addition to other remedies allowed by law.

10. **BORROWER'S NAME(S) AND SIGNATURE(S):** By signing below, each individual or entity acknowledges and accepts personal obligation and full liability under the Note as Borrower.

√ *Jose E Garcia*
Jose E. Garcia

√ *Edna L Garcia*
Edna L. Garcia

```
MAIL ANY NOTICE OF DEFAULT TO
U.S. SMALL BUSINESS ADMINISTRATION
10737 Gateway West #300
El Paso, Texas, 79935                    3741

WHEN RECORDED MAIL TO
U S SMALL BUSINESS ADMINISTRATION
14925 Kingsport Road
Fort Worth, Texas 76155-2243
(800) 366-6303


GARCIA, Jose E and Edna L
         Loan No DLH
```

STATE OF KANSAS } FEE $ 12.98
SEWARD COUNTY
This Instrument was filed for record
October 20, 20 03
at 3:10 o'clock P M and recorded
In Vol 558 at page 1084
CYNTHIA L. SALLASKA, Register of Deeds

STATE OF KANSAS } REGISTRATION FEE
SEWARD COUNTY
Indebtedness Amt $ 44,800.00 Fees $ _____
Paid this _____ day of Oct. 20 03 No XX
CYNTHIA L. SALLASKA, Register of Deeds

## MORTGAGE
### (Direct)

This mortgage made and entered into this 8th day of October 2003, by and between Jose E Garcia and Edna L. Garcia, husband and wife, Post Office Box 2562, Liberal, Kansas 67905 (hereinafter referred to as mortgagor) and the Administrator of the Small Business Administration, an agency of the Government of the United States of America (hereinafter referred to as mortgagee), who maintains an office and place of business at 10737 Gateway West #300, El Paso, Texas, 79935

WITNESSETH, that for the consideration hereinafter stated, receipt of which is hereby acknowledged, the mortgagor does hereby mortgage, sell, grant, assign, and convey unto the mortgagee, his successors and assigns, all of the following described property situated and being in the County of Seward, State of Kansas, to-wit.

SURFACE AND SURFACE RIGHTS only in and to
The North One Hundred Thirty Feet (N130') of Lot Four (4), Block Twelve (12), SOUTHLAWN GARDENS ADDITION (PLAT NO 2) to the City of Liberal, Seward County, Kansas

Together with and including all buildings, all fixtures including but not limited to all plumbing, heating, lighting, ventilating, refrigerating, incinerating, air conditioning apparatus, and elevators (the mortgagor hereby declaring that it is intended that the items herein enumerated shall be deemed to have been permanently installed as part of the realty), and all improvements now or hereafter existing thereon; the hereditaments and appurtenances and all other rights thereunto belonging, or in anywise appertaining, and the reversion and reversions, remainder and remainders, all rights of redemption, and the rents, issues, and profits of the above described property (provided, however, that the mortgagor shall be entitled to the possession of said property and to collect and retain the rents, issues, and profits until default hereunder) To have and to hold the same unto the mortgagee and the successors in interest of the mortgagee forever in fee simple or such other estate, if any, as is stated herein

The mortgagor covenants that he is lawfully seized and possessed of and has the right to sell and convey said property; that the same is free from all encumbrances except as hereinabove recited; and that he hereby binds himself and his successors in interest to warrant and defend the title aforesaid thereto and every part thereof against the claims of all persons whomsoever.

This instrument is given to secure the payment of a promissory note dated September 18, 2003 in the principal sum of $44,800 00 and maturing on September 18, 2033, signed by Jose E Garcia and Edna L. Garcia

1.   The mortgagor covenants and agrees as follows:

   a    He will promptly pay the indebtedness evidenced by said promissory note at the times and in the manner therein provided

   b.   He will pay all taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, for which provision has not been made hereinbefore, and will promptly deliver the official receipts therefor to the said mortgagee

   c    He will pay such expenses and fees as may be incurred in the protection and maintenance of said property, including the fees of any attorney employed by the mortgagee for the collection of any or all of the indebtedness hereby secured, or for

BOOK 558 PAGE 1084    **ORIGINAL**
1

Exhibit B

foreclosure by mortgagee's sale, or court proceedings, or in any other litigation or proceeding affecting said premises Attorneys' fees reasonably incurred in any other way shall be paid by the mortgagor

    *d*    For better security of the indebtedness hereby secured, upon the request of the mortgagee, its successors or assigns, he shall execute and deliver a supplemental mortgage or mortgages covering any additions, improvements, or betterments made to the property hereinabove described and all property acquired by it after the date hereof (all in form satisfactory to mortgagee). Furthermore, should mortgagor fail to cure any default in the payment of a prior or inferior encumbrance on the property described by this instrument, mortgagor hereby agrees to permit mortgagee to cure such default, but mortgagee is not obligated to do so, and such advances shall become part of the indebtedness secured by this instrument, subject to the same terms and conditions

    *e.*    The rights created by this conveyance shall remain in full force and effect during any postponement or extension of the time of payment of the indebtedness evidenced by said promissory note or any part thereof secured hereby

    *f.*    He will continuously maintain hazard insurance, of such type or types and in such amounts as the mortgagee may from time to time require on the improvements now or hereafter on said property, and will pay promptly when due any premiums therefor All insurance shall be carried in companies acceptable to mortgagee and the policies and renewals thereof shall be held by mortgagee and have attached thereto loss payable clauses in favor of and in form acceptable to the mortgagee In event of loss, mortgagor will give immediate notice in writing to mortgagee, and mortgagee may make proof of loss if not made promptly by mortgagor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to mortgagee instead of to mortgagor and mortgagee jointly, and the insurance proceeds, or any part thereof, may be applied by mortgagee at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged or destroyed In event of foreclosure of this mortgage, or other transfer of title to said property in extinguishment of the indebtedness secured hereby, all right, title, and interest of the mortgagor in and to any insurance policies then in force shall pass to the purchaser or mortgagee or, at the option of the mortgagee, may be surrendered for a refund.

    *g*    He will keep all buildings and other improvements on said property in good repair and condition, will permit, commit, or suffer no waste, impairment, deterioration of said property or any part thereof; in the event of failure of the mortgagor to keep the buildings on said premises and those erected on said premises, or improvements thereon, in good repair, the mortgagee may make such repairs as in its discretion it may deem necessary for the proper preservation thereof, and the full amount of each and every such payment shall be immediately due and payable and shall be secured by the lien of this mortgage

    *h*    He will not voluntarily create or permit to be created against the property subject to this mortgage any lien or liens inferior or superior to the lien of this mortgage without the written consent of the mortgagee, and further, he will keep and maintain the same free from the claim of all persons supplying labor or materials for construction of any and all buildings or improvements now being erected or to be erected on said premises

    *i.*    He will not rent or assign any part of the rent of said mortgaged property or demolish, or remove, or substantially alter any building without the written consent of the mortgagee.

    *j*    All awards of damages in connection with any condemnation for public use of or injury to any of the property subject to this mortgage are hereby assigned and shall be paid to mortgagee, who may apply the same to payment of the installments last due under said note, and mortgagee is hereby authorized, in the name of the mortgagor, to execute and deliver valid acquittances thereof and to appeal from any such award.

    *k*    The mortgagee shall have the right to inspect the mortgaged premises at any reasonable time.

2.    Default in any of the covenants or conditions of this instrument or of the note or loan agreement secured hereby shall terminate the mortgagor's right to possession, use, and enjoyment of the property, at the option of the mortgagee or his assigns (it being agreed that the mortgagor shall have such right until default). Upon any such default, the mortgagee shall become the owner of all of the rents and profits accruing after default as security for the indebtedness secured hereby, with the right to enter upon said property for the purpose of collecting such rents and profits This instrument shall operate as an assignment of any rentals on said property to that extent.

BOOK 558 PAGE 1085

2

GARCIA, Jose E and Edna L.
DLH

3. The mortgagor covenants and agrees that if he shall fail to pay said indebtedness or any part thereof when due, or shall fail to perform any covenant or agreement of this instrument or the promissory note secured hereby, the entire indebtedness hereby secured shall immediately become due, payable, and collectible without notice, at the option of the mortgagee or assigns, regardless of maturity, and the mortgagee or his assigns may before or after entry sell said property without appraisement (the mortgagor having waived and assigned to the mortgagee all rights of appraisement):

(I) at judicial sale pursuant to the provisions of 28 U.S.C. 2001 (a), or

(II) at the option of the mortgagee, either by auction or by solicitation of sealed bids, for the highest and best bid complying with the terms of sale and manner of payment specified in the published notice of sale, first giving four weeks' notice of the time, terms, and place of such sale, by advertisement not less than once during each of said four weeks in a newspaper published or distributed in the county in which said property is situated, all other notice being hereby waived by the mortgagor (and said mortgagee, or any person on behalf of said mortgagee, may bid with the unpaid indebtedness evidenced by said note). Said sale shall be held at or on the property to be sold or at the Federal, county, or city courthouse for the county in which the property is located. The mortgagee is hereby authorized to execute for and on behalf of the mortgagor and to deliver to the purchaser at such sale a sufficient conveyance of said property, which conveyance shall contain recitals as to the happening of the default upon which the execution of the power of sale herein granted depends; and the said mortgagor hereby constitutes and appoints the mortgagee or any agent or attorney of the mortgagee, the agent and attorney in fact of said mortgagor to make such recitals and to execute said conveyance and hereby covenants and agrees that the recitals so made shall be effectual to bar all equity or right of redemption, homestead, dower, and all other exemptions of the mortgagor, all of which are hereby expressly waived and conveyed to the mortgagee; or

(III) take any other appropriate action pursuant to state or Federal statute either in state or Federal court or otherwise for the disposition of the property.

In the event of a sale as hereinabove provided, the mortgagor or any person in possession under the mortgagor shall then become and be tenants holding over and shall forthwith deliver possession to the purchaser at such sale or be summarily dispossessed, in accordance with the provisions of law applicable to tenants holding over. The power and agency hereby granted are coupled with an interest and are irrevocable by death or otherwise, and are granted as cumulative to the remedies for collection of said indebtedness provided by law.

4. The proceeds of any sale of said property in accordance with the preceding paragraphs shall be applied first to pay the costs and expenses of said sale, the expenses incurred by the mortgagee for the purpose of protecting or maintaining said property, and reasonable attorneys' fees, secondly, to pay the indebtedness secured hereby; and thirdly, to pay any surplus or excess to the person or persons legally entitled thereto.

5. In the event said property is sold at a judicial foreclosure sale or pursuant to the power of sale hereinabove granted, and the proceeds are not sufficient to pay the total indebtedness secured by this instrument and evidenced by said promissory note, the mortgagee will be entitled to a deficiency judgment for the amount of the *deficiency without regard to appraisement*.

6. In the event the mortgagor fails to pay any Federal, state, or local tax assessment, income tax or other tax lien, charge, fee, or other expense charged against the property, the mortgagee is hereby authorized at his option to pay the same. Any sums so paid by the mortgagee shall be added to and become a part of the principal amount of the indebtedness evidenced by said note, subject to the same terms and conditions. If the mortgagor shall pay and discharge the indebtedness evidenced by said promissory note, and shall pay such sums and shall discharge all taxes and liens and the costs, fees, and expenses of making, enforcing, and executing this mortgage, then this mortgage shall be canceled and surrendered.

7 The covenants herein contained shall bind and the benefits and advantages shall inure to the respective successors and assigns of the parties hereto Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all genders

8 No waiver of any covenant herein or of the obligation secured hereby shall at any time thereafter be held to be a waiver of the terms hereof or of the note secured hereby.

9. In compliance with section 101 106 of the Rules and Regulations of the Small Business Administration [13 C F R 101 106], this instrument is to be construed and enforced in accordance with applicable Federal law.

BOOK 558 PAGE 1086

3

10.   A judicial decree, order, or judgment holding any provision or portion of this instrument invalid or unenforceable shall not in any way impair or preclude the enforcement of the remaining provisions or portions of this instrument.

11   Any written notice to be issued to the mortgagor pursuant to the provisions of this instrument shall be addressed to the mortgagor at Post Office Box 2562, Liberal, Kansas 67905 and any written notice to be issued to the mortgagee shall be addressed to the mortgagee at 10737 Gateway West #300, El Paso, Texas, 79935

IN WITNESS WHEREOF, the mortgagor has executed this instrument and the mortgagee has accepted delivery of this instrument as of the day and year aforesaid

STATE OF KANSAS

COUNTY OF Seward

/s/ Jose E Garcia
Jose E. Garcia

/s/ Edna L. Garcia
Edna L. Garcia

This instrument was acknowledged to me on October 10, 2003 by Jose E Garcia and Edna L. Garcia, husband & wife

Renee' DeLay
Notary Public  Renee' DeLay

My Commission Expires  01-23-07

NOTARY PUBLIC - State of Kansas
RENEE DELAY
My Appt. Exp. _____

BOOK 558 PAGE 1087        3741